UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | |
| | : | CRIMINAL CASE NO. |
| v. | : | 3:20-cr-00059 (JCH) |
| | : | |
| ALEJANDRO VELEZ | : | DECEMBER 13, 2023 |

**RULING ON MOTION FOR COMPASSIONATE RELEASE (DOC. NO. 72)**

Pending before the court is Alejandro Velez's Motion for Compassionate Release (Doc. No. 72) filed by counsel. Mr. Velez seeks release from his mandatory minimum 60-month sentence imposed on July 21, 2021. Having served 28 months of his sentence, according to the Bureau of Prisons ("BOP") records, he is scheduled for release in November 2024.

Mr. Velez moves the court to reduce his sentence pursuant to section 603 of the First Step Act of 2018, Pub. L. 115-391, 132 Stat. 5194 (2018) (amending 18 U.S.C. § 3582(c)(1)(A)(i)), on the grounds that a combination of factors support a finding of extraordinary and compelling reasons for a sentence reduction: (a) Mr. Velez's role as the sole available caregiver for his elderly, ailing mother; (b) the risks of continued incarceration during the COVID-19 pandemic to Mr. Velez's health due to his documented severe obesity, asthma, depression, and prediabetes; (c) the extraordinarily harsh conditions of confinement that Mr. Velez has experienced for his entire sentence to date due to the pandemic, and (d) his extraordinary rehabilitation, including his conduct while out on bond for 16 months prior to sentencing. See Memorandum in Support ("Def.'s Mem."), at 1-2 (Doc. No. 73).

The Second Circuit has held that, pursuant to section 3582, as modified by the First Step Act, the court may "consider the full slate of extraordinary and compelling reasons that an imprisoned person might bring before [the court] in motions for compassionate release."  United States v. Brooker, 976 F.3d 228, 237 (2d Cir. 2020) ("Neither Application Note 1(D), nor anything else in the now-outdated version of Guideline § 1B1.13, limits the district court's discretion.").  Accordingly, Brooker held at the time that the court is not bound by the Sentencing Commission's outdated policy statement applicable to Section 3582(c)(1)(A), see U.S.S.G. § 1B1.13, which the Second Circuit recognized as only applying to motions for sentence reduction brought by BOP.

Effective November 1, 2023, the Sentencing Guidelines on compassionate release have been amended.  Section 1B1.13 of the Sentencing Guidelines now applies to motions for "compassionate release" filed by individual defendants, in recognition of the First Step Act's reform permitting incarcerated defendants to file motions for compassionate release.  See Guidelines Manual § 1B1.13 (2023).  The Section also provides an expanded list of extraordinary and compelling reasons warranting compassionate release.  See id.  Thus, the court must, in addition to considering the 3553(a) factors, determine if there exists, "extraordinary and compelling reasons" for a sentence reduction.

The court has left Mr. Velez's Motion pending for some time.  When the Motion was filed, Mr. Velez had served only a small percentage of his sentence, and the court was concerned that release at that time raised concerns under 3553(a), particularly punishment and protection of the public.  However, the court now is in a position to

conclude that, considering all of the 3553(a) factors and finding extraordinary and compelling circumstances, it will grant the Motion.

The court considers Mr. Velez's bases to find extraordinary and compelling circumstances. First, the court is persuaded that he is the only caregiver for his mother. Section 1B1.13 provides that "the incapacitation of the defendant's parent when the defendant would be the only available caregiver for the parent" constitutes a ground for compassionate release. Id. § 1B1.13(b)(3)(C) (2023). During Mr. Velez's incarceration, his girlfriend has attempted to provide care, but she has very limited availability to help. While his mother has other children, she has been estranged from them, or they are unable to provide care. See Notice (Doc. No. 91). They are, therefore, not "available" under the Guidelines. Mr. Velez has reported that he did everything to care for and support his mother before his arrest, and he is committed to doing so if released.

Another potential ground supporting compassionate release for Mr. Velez is his medical vulnerability. Mr. Velez is morbidly obese, with a Body Mass Index of 40.4, and he has obstructive sleep apnea, asthma, prediabetes, and major depressive disorder. Some of these conditions place Mr. Velez at an increased risk from Covid.[1] While this can be a ground for compassionate release, the court will not find it so because the record is incomplete and not entirely clear as to, e.g., the severity of the asthma; whether he has been offered a booster and refused, or not offered one; and the extent

---

[1] Indeed, the court is surprised that Mr. Velez was not given a booster by the BOP as of the filing of his Motion.

3

to which there is currently a greater risk at FCI Danbury or where Mr. Velez would be released.

In addition, Mr. Velez cites the unusually harsh conditions that he experienced while incarcerated due to COVID-19-related lockdowns.  Def.'s Mem. at 20-25.  The court is not convinced that this circumstance, arising during the height of a pandemic, which has since ended, meets the standard for "extraordinary and compelling circumstances".

Lastly, the court will address Mr. Velez's basis for extraordinary rehabilitation, which could not, standing alone, support release, but may nonetheless be considered with other factors.  See Guidelines Manual § 1B1.13(d).  The court finds Mr. Velez has had extra rehabilitation, both during his 16 months of pretrial release, and while incarcerated for over 28 months.  While on bond, he completed a substance abuse treatment program, and engaged in counseling.  He also completed his Class A CDL, while fully complying with all of his conditions of supervision, in particular no substance abuse and program participation.  In addition to caring for his mother in this time period, he was also employed.  See Presentence Investigation Report ("PSR") at ¶¶ 67-68 (Doc. No. 51).

Mr. Velez has had an excellent record while incarcerated.  He has been discipline-free, except for a recent, minor ticket.  Further, he has taken many classes and has employment in the BOP.  All of this positive behavior supports a finding of extraordinary and compelling circumstances.

The court finds that the combination of Mr. Velez's responsibilities as a sole caregiver to a parent, along with his extraordinary rehabilitation since shortly after his arrest in March 2020, clearly supports a finding justifying compassionate release.

The government argues that, even if extraordinary and compelling circumstances were to be found, consideration of the 3553(a) factors would counsel against granting Mr. Velez early release.  See Government's Opposition to Defendant's Motion at 9 (Doc. No. 76).

Admittedly, Mr. Velez has a significant criminal history and the instant conviction involved very serious conduct: possession of more than 1 kilogram of cocaine along with a firearm.  See PSR.  However, if he is released, he will have served, with good-time credits, over half of the bottom of his guideline range—51 months—which was overridden by the mandatory minimum.  This is a substantial period of incarceration and a significant portion of his actual mandatory minimum sentence.

Given Mr. Velez's significant rehabilitation, a sentence of time served is "sufficient, but not greater than necessary, to comply with the purposes" of sentencing.  18 U.S.C. § 3553(a).  The court is persuaded that the 3553(a) factors do not counsel against the granting of compassionate release to a sentence of time served.

Defendant's counseled Motion for Compassionate Release (Doc. No. 72) is therefore granted, and defendant's pro se Motion (Doc. No. 69) is terminated as moot. In addition, Mr. Velez's conditions of supervised release are modified to require that he be placed in home confinement for seven days with the right to leave his home to report to the U.S. Probation Office, and to attend treatments or medical appointments, legal

appointments, or religious activities, with the prior approval of the U.S. Probation Officer.

**SO ORDERED.**

Dated at New Haven, Connecticut this 13th day of December 2023.

 /s/ Janet C. Hall
Janet C. Hall
United States District Judge